IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LANI ROBERTS,<br><br>      Plaintiff,<br><br>v.<br><br>COTTONWOOD HEIGHTS CITY, COTTONWOOD HEIGHTS CITY POLICE DEPARTMENT, COTTONWOOD HEIGHTS POLICE CHIEF ROBBY RUSSO, and COTTONWOOD HEIGHTS POLICE OFFICER BROADHEAD, in his individual and official capacity,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 2:15-CV-839 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Cottonwood Heights City, Cottonwood Heights City Police Department, and Cottonwood Heights Police Chief Robby Russo's Motion to Dismiss,[1] and Defendant David Broadhead's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motions.

I.  BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for the purposes of Defendants' Motions.

Plaintiff Lani Roberts is the owner of a 7-Eleven franchise located in Cottonwood Heights, Utah. The 7-Eleven is a busy convenience store with a relatively small parking lot.

---

[1] Since Defendants have filed an Answer, the Court considers Defendants' Motion as a Motion for Judgment on the Pleadings under Rule 12(c).

1

Cottonwood Heights City police officers often use the parking lot, preventing others from doing so. Plaintiff alleges that "[t]he constant and overwhelming police presence at the 7-Eleven has interfered with Roberts' business and resulted in less public traffic to the store."[2] Plaintiff has lodged several complaints about officers using the parking lot and met with Cottonwood Heights Police Chief Robby Russo about the situation. After the meeting, individual officers made clear that they were offended by Plaintiff's request that they not use the parking lot.

The Cottonwood Heights Police Department conducted alcoholic beverage sales compliance checks on Plaintiff's 7-Eleven store on various occasions. On February 16, 2013, and again on May 17, 2013, employees failed these compliance checks by allowing an undercover minor to purchase alcohol. The sales clerks were charged with violations of Utah Code Ann. § 32B-4-403 for selling and furnishing alcohol to a minor. Plaintiff played no role in the sales of alcohol to minors.

Cottonwood Heights brought charges against Plaintiff personally for violations of Utah Code Ann. § 32B-4-403 and § 32B-4-302. The City stated a policy of filing criminal charges against owners whose businesses had twice failed compliance checks within the last two years. Plaintiff alleges that Cottonwood Heights brought charges against owners of three other convenience stores with similar violations. However, charges were not filed against owners of two other stores with violations. Plaintiff alleges that the owners of these stores did not face prosecution because of their relationship with the City and the police department.

In state court, the City argued that Utah Code Ann. § 32B-4-302 imposed strict liability on owners of establishments that violated the law. The stated court rejected this argument,

---

[2] Docket No. 2 Ex. 2 ¶ 20.

finding the appropriate standard to be intentionally, knowingly, or recklessly. Cottonwood Heights moved to dismiss the charges against Plaintiff on September 16, 2014, and those charges were dismissed. Plaintiff alleges that she has incurred damages as a result of the prosecution.

## II. STANDARD OF REVIEW

Under Rule 12 of the Federal Rules of Civil Procedure, a party can move to have a claim dismissed for "failure to state a claim upon which relief can be granted."[3] Since Defendants have filed Answers, the Court considers Defendants' Motions under Rule 12(c).[4] The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[5]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[6] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[7] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

---

[3] Fed. R. Civ. P. 12(h)(2)(B).

[4] As Plaintiff has conceded her state-law claims, the Court need not consider that portion of Defendants' Motions requesting dismissal for lack of subject matter jurisdiction.

[5] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[11]

III.  DISCUSSION

Plaintiff's Amended Complaint asserted four causes of action: malicious prosecution, abuse of process, violation of 42 U.S.C. § 1983 based on malicious prosecution, and violation of 42 U.S.C. § 1983 based on selective prosecution. Plaintiff has conceded her state-law claims for malicious prosecution and abuse of process, and further concedes that Defendant Cottonwood Heights Police Department is not a proper party. Thus, the Court need only address Plaintiff's two claims under § 1983.

A.  MALICIOUS PROSECUTION

"[A] § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained

---

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

4

damages."[12] The question presented by Defendants' Motions is whether Plaintiff has sufficiently alleged that there was no probable cause to support her prosecution.

"Probable cause exists if the facts and circumstances are sufficient to warrant a person of reasonable caution to believe a crime has been committed."[13] Utah Code Ann. § 32B-4-403 makes it is unlawful to sell, offer for sale, or furnish an alcoholic product to a minor. Section 32B-4-302(1)(a) provides:

> If a violation of this title is committed by a person in the employ of the occupant of premises in which the offense is committed, or by a person who is required by the occupant to be or remain in or upon the premises, or to act in any way for the occupant, notwithstanding the fact that the offense is committed by a person who is not proved to have committed it under or by the direction of the occupant, the occupant is:
> (i) prima facie considered a party to the offense committed; and
> (ii) liable as a principal offender.

The allegations in the Amended Complaint reveal that Plaintiff's employees sold alcoholic products to minors on two occasions in violation of Utah Code Ann. § 32B-4-403. Plaintiff further alleges that she is the owner of the 7-Eleven franchise that occupies the premise in which the offenses were committed. Based on the plain language of the statute, Defendants assert that there was probable cause to prosecute Plaintiff for a violation of Utah Code Ann. § 32B-4-302 and hold her liable as a principal offender, notwithstanding the fact that the offense was not committed under or by the direction of Plaintiff. The Court agrees. Plaintiff's Amended Complaint alleges that two of her employees sold alcohol to minors in violation of Utah Code Ann. § 32B-4-403. As the owner and occupant of the premises in which the violation was

---

[12] *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

[13] *McCarty v. Gilchrist*, 646 F.3d 1281, 1286 (10th Cir. 2011).

committed, Plaintiff was "prima facie considered a party to the offense committed" and "liable as a principal offender."[14]

Plaintiff argues that various factual disputes prevent dismissal. This argument, however, demonstrates a misunderstanding of the procedural posture of this case. As set forth above, the facts at issue are taken from Plaintiff's Amended Complaint and are accepted as true and viewed in the light most favorable to her. Thus, there are no factual disputes to resolve, as Plaintiff suggest.

Plaintiff correctly argues that the existence of probable cause is generally a mixed question of law and fact. However, this does not mean that the existence of probable cause, or lack thereof, may never be decided on a motion for judgment on the pleadings. The Tenth Circuit has stated: "The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it probable or true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to probable cause, is a question of law."[15] As set forth above, even assuming the facts set forth in Plaintiff's Amended Complaint to be true, probable cause existed to support Plaintiff's prosecution.

Plaintiff argues that the dismissal of the underlying criminal case demonstrates a lack of probable cause. This argument, however, conflates the elements Plaintiff must sufficiently

---

[14] Utah Code Ann. § 32B-4-302(1)(a).

[15] *Rouse v. Burnham*, 51 F.2d 709, 712 (10th Cir. 1931); *see also Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("The determination of probable cause is normally a mixed question of law and fact, but when 'what happened' questions are not at issue, the ultimate resolution of whether probable cause existed is a question of law . . . .") (citation omitted).

allege to prevail on her claim. Further, the fact that the charges were later dismissed is not determinative.[16] "Probable cause does not require facts sufficient for a finding of guilt."[17]

Even if Plaintiff sufficiently alleged a constitutional violation, Defendants Russo and Broadhead would nonetheless be entitled to qualified immunity. Qualified immunity shields law enforcement officials who reasonably but mistakenly conclude that probable cause is present.[18] "A reasonable mistake in interpreting a criminal statute, for purposes of determining whether there is probable cause to arrest, entitles an officer to qualified immunity."[19] "[A]n officer's mistake of law may be reasonable if the law is ambiguous (reasonable minds could differ on the interpretation) and it has never been previously construed by the relevant courts."[20] As set forth above, a fair reading of the statute could lead a reasonable officer to conclude that there was sufficient probable cause to bring charges against Plaintiff. This is especially true since, at least at the time charges were filed, there had been no construction of the statue by a Utah court.

Plaintiff argues that the question of qualified immunity cannot be determined at this stage because questions of Defendants' interpretation of the statute and motivation for bringing the charges are undecided. However, the inquiry for qualified immunity is an objective one. "We

---

[16] *Dutton v. City of Midwest City*, 630 F. App'x 742, 745 (10th Cir. 2015); *see also Gaschler v. Scott Cty., Kan.*, 141 F.3d 1184, at *2 (10th Cir. 1998) (unpublished table decision) ("The fact that the criminal charges were eventually dismissed does not establish there was no probable cause to file the charges.").

[17] *United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir. 2001).

[18] *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007).

[19] *Mocek v. City of Albuquerque*, 813 F.3d 912, 927 (10th Cir. 2015).

[20] *United States v. Cunningham*, 630 F. App'x 873, 877 (10th Cir. 2015) (citing *Heien v. N.C.*, ---U.S.---, 135 S.Ct. 530, 540 (2014)).

do not examine the subjective understanding of the particular officer involved."[21] "An officer's subjective understanding of the law is irrelevant."[22]

B.  SELECTIVE PROSECUTION

Plaintiff's fourth cause of action for selective prosecution is asserted only against Defendant Cottonwood Heights. "In order to prevail on a claim of selective prosecution, a [plaintiff] must show that '[s]he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against [her].'"[23]

Here, rather than alleging that she has been singled out for prosecution while others have not, Plaintiff specifically alleges that owners of other similarly situated convenience stores have faced prosecution for similar conduct. There are no allegations that the owners of these stores lodged any complaints against Cottonwood Heights or its police force. While Plaintiff alleges that two store owners have not faced prosecution, by her own allegations Plaintiff admits that the majority of store owners with two or more violations have faced prosecution. Therefore, this claim fails.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss and for Judgment on the Pleadings (Docket Nos. 20 and 21) are GRANTED.

---

[21] *Heien*, 135 S.Ct. at 539.

[22] *Cunningham*, 630 F. App'x at 876.

[23] *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994) (quoting *United States v. Salazar*, 720 F.2d 1482, 1487 (10th Cir. 1983)).

The Clerk of the Court is directed to close this case forthwith.

DATED this 3rd day of May, 2016.

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge